UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BENJAMIN HUNTER,

                                Petitioner,

    vs.

                                                                     9:03-CV-0176

M. HOLLINS, Superintendent, and                       (J. Kahn)
G. GOORD, Commissioner of DOCS,

                                Respondents.
_____

BENJAMIN HUNTER, Petitioner Pro Se
GERALD J. ROCK, Assistant Attorney General of the State of New York

GUSTAVE J. DIBIANCO, Magistrate Judge

## REPORT-RECOMMENDATION

     This matter has been referred to me for Report and Recommendation by the Honorable Lawrence E. Kahn, United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c).

     Petitioner brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner brought an Article 78 proceeding in Albany County Supreme Court, challenging respondents' determination that petitioner was not eligible to receive "merit time" under Section 803 of the New York Corrections Law. Petitioner did not, nor does he here, challenge his convictions for Attempted Robbery, First Degree or Criminal Possession of a Weapon, Third Degree for which he is currently incarcerated.

The petition in the Article 78 proceeding was dismissed in December 2001. Petitioner appealed the dismissal to the Appellate Division, Third Department, which dismissed the appeal as moot on September 26, 2002. *Hunter v. Commissioner of Correctional Services*, 297 A.D.2d 891, 747 N.Y.S.2d 404 (3d Dept. 2002). On January 16, 2003, the New York Court of Appeals denied petitioner's motion for leave to appeal. *Hunter v. Commissioner of Correctional Services*, 99 N.Y.2d 506, 755 N.Y.S.2d 712, 785 N.E.2d 734 (2003).

Petitioner raises two grounds in support of his petition.

1. Respondents' application and interpretation of the merit time statute violates the federal constitutional right to equal protection and due process "by creating an additional classification of ineligible inmates."

2. Respondents' interpretation of the merit time statute violates the separation of powers doctrine.

Respondents have filed an answer and a memorandum of law, together with the pertinent state court records. (Dkt. Nos. 8, 10). In July 2003, Judge Kahn granted petitioner's request to file a traverse, which he subsequently filed. (Dkt. No. 16). For the following reasons, this court agrees with the respondents and will recommend denial of the petition.

## DISCUSSION

**1.    Facts**

In 1983, petitioner was sentenced to an indeterminate term of imprisonment of six to twelve years for Attempted Robbery, First Degree. Petitioner was released to

parole supervision in 1989, but absconded in 1991.  Petitioner was arrested again in 2000, and was sentenced in December 2000 to an additional indeterminate term of two to four years for Criminal Possession of a Weapon, Third Degree.

Petitioner returned to state custody in January 2001, and was given a "time computation sheet" that explained the minimum and maximum amounts of time that petitioner could serve.  At that time, he was advised that he was scheduled for a Merit Time Allowance Board hearing in July 2001.  (State Records ("S.R."), 9).  Both petitioner and the Ulster Correctional Facility Staff relied on the January 2001 computation sheet, and petitioner states that he was encouraged to enroll in a non-violence program as well as a substance abuse program, in order to receive merit time.  (S.R. 5, at ¶¶ 5-6).

Petitioner was then transferred to Oneida Correctional Facility, and given the same information about the July 2001 hearing and the requirements needed to receive merit time.   Petitioner enrolled in and began participating in the programs.  During May of 2001, when petitioner asked for an updated version of the computation time sheet, the Merit Time Allowance Board hearing date no longer appeared on the document.  (S.R. 49).  When petitioner asked for clarification, he was informed that he was ineligible for merit time because one of the crimes for which he was imprisoned rendered him ineligible for merit time.  (S.R. 28).

Petitioner filed a grievance with the State of New York Department of

3

Correctional Services, which was denied June 27, 2001. Petitioner then challenged the ineligibility determination by initiating an Article 78 special proceeding in Albany County Supreme Court in August 2001. During the pendency of the Article 78 proceeding, petitioner appeared for his initial release interview with the Parole Board, having served the minimum aggregate amount of imprisonment for the two convictions. Parole was denied in November 2001. The Article 78 petition in Supreme Court was dismissed in December 2001. Petitioner appealed that dismissal to the Appellate Division, Third Department in April 2002. The Appellate Division dismissed petitioner's claims as ***moot*** in September 2002. *Hunter v. Commissioner of Correctional Services*, 297 A.D. 2d 891, 747 N.Y.S.2d 404 (3d Dept. 2002). Petitioner's motion to the New York Court of Appeals for leave to appeal was denied in January 2003. *Hunter v. Commissioner of Correctional Services*, 99 N.Y.2d 506, 785 N.E.2d 734 (2003).

**2.     Merit Time**

Pursuant to Section 803(d) of the New York Corrections Law, individuals serving indeterminate sentences may be eligible for a "merit time allowance credit against the minimum period of the indeterminate sentence." NY CORRECT. LAW § 803(d)(iii). The merit time credit allows for one-sixth of the minimum period of incarceration to be earned by successful participation in an assigned work and treatment program. NY CORRECT. LAW § 803(d)(iii) and (iv).

However, individuals serving an indeterminate sentence for a violent felony offense are ***not*** eligible to earn merit time. NY CORRECT. LAW § 803(d)(ii). First degree Attempted Robbery is classified as a Class C violent felony offense pursuant to NY PENAL LAW Section 70.02(1)(a) and (b). NY PENAL LAW § 70.02(1)(a) and (b). Under NY PENAL LAW Section 70.30, individuals serving consecutive indeterminate sentences are considered to be serving an "aggregate" of the two sentences, for the purposes of determining their minimum and maximum periods of imprisonment, rather than serving first one sentence, completing it, then beginning to serve the next. NY PENAL LAW § 70.30(b). Merit time reduces only the minimum period of imprisonment before consideration for parole because it "accelerate[s] petitioner's original parole hearing date by subtracting the merit time allowance from his parole eligibility date." *McKeown v. Goord*, 284 A.D.2d 622, 725 N.Y.S.2d 902 (3d Dept. 2001).

In this case, petitioner was told ***in error*** that he was eligible to earn merit time. He was statutorily ineligible for the merit time allowance because he continued to serve time on his violent felony conviction of First Degree Attempted Robbery. Notwithstanding the denial of merit time, petitioner appeared for his initial interview with the Parole Board in November 2001, and was denied parole.

**3.   Mootness**

The threshold question, which is not raised in the papers to this court, is

Case 9:03-cv-00176-LEK-GJD   Document 18   Filed 01/18/07   Page 6 of 9

whether the petition has been rendered moot in light of petitioner's appearance before the parole board. "When a case becomes moot, the federal courts 'lack subject matter jurisdiction over the action.'" *Fox v. Board of Trustees of the State University of New York*, 42 F.3d 135, 140 (2d Cir. 1994) (*quoting New York City Employees' Retirement System v. Dole Food Co.*, 969 F.2d 1430, 1433 (2d Cir. 1992)). *See also*, *Bourdon v. Walker*, 453 F. Supp. 2d 594, n. 13 (N.D.N.Y. June 14, 2006). Subject matter jurisdiction must be considered *sua sponte* by the court. *Bourdon*, 453 F. Supp. 2d at n. 13 (*citing Krimstock v. Kelly*, 306 F.3d 40, 70 n. 34 (2d Cir. 2002)).

"A case becomes moot when it no longer satisfies the 'case-or-controversy' requirement of Article III, Section 2 of the Constitution." *United States v. Mercurris*, 192 F.3d 290, 293 (2d Cir. 1999)(*citing Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). Under *Spencer*, the parties must "have a 'personal stake in the outcome' of the lawsuit" at all times during the pendency of the litigation. *Spencer*, 523 U.S. at 7 (*citing Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990)). A "personal stake" in the litigation includes having an actual injury which is likely to be redressed by a favorable judicial decision. *Id.*

Incarcerated individuals challenging their underlying convictions will "always satisf[y] the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused

6

by the conviction and redressable by invalidation of the conviction." *Spencer*, 523 U.S. at 7. Release, or expiration of the sentence, does not automatically render the incarcerated individual's litigation moot because even after release or expiration of the sentence, convicted criminals still face certain "civil disabilities" as a result of their convictions. *Mercurris*, 192 F.3d at 293 (citation omitted). These disabilities, referred to as "collateral consequences," include the inability to hold certain offices or inability to serve as a juror. *Id.* However, a "'collateral consequence,'" or "continuing injury other than the now-ended incarceration or parole . . . must exist if the suit is to be maintained." *Id.* (citing *Carafas v. LaVallee*, 391 U.S. 234, 237-38 (1968)).

Collateral consequences are presumed and meet the case-or-controversy requirement when the underlying criminal conviction is the subject of the litigation. *Spencer*, 523 U.S. at 8 (*citing Sibron v. New York*, 392 U.S. 40, 55-56 (1968)). However, "no such presumption applies in challenges to proceedings other than the underlying criminal convictions." *Butti v. Fischer*, 385 F.Supp.2d 183, 185 (W.D.N.Y. 2005)(*citing Spencer*, 523 U.S. at 13 (challenge to a finding of parole violation); *Mercurris*, 192 F.3d 290 (2d Cir. 1999)(petitioner challenging a sentence enhancement); *United States v. Probber*, 170 F.3d 345 (2d Cir. 1999)(challenge to revocation of supervised release)). The plaintiff has the burden of "demonstrating some 'concrete and continuing injury' sufficient to create an Article III case or

7

controversy." *Mercurris*, 192 F.3d at 294 (*citing Spencer*, 523 U.S. at 11 (burden of the party who seeks the exercise of jurisdiction in his favor to show injury)(internal citations omitted)).

In this case, petitioner does ***not*** challenge his underlying convictions; he alleges only that his rights were violated by the denial of merit time. He has already appeared before the Parole Board for his initial hearing. Because the ***only*** effect of a merit time allowance is to accelerate the time for that parole hearing, petitioner has already received the ***only*** relief that could have been afforded by this court. Petitioner does not allege any "concrete and continuing injury" that a favorable outcome of this litigation could remedy, and there is no presumption of continuing consequences in this case. The court finds that petitioner has not met his burden of demonstrating any collateral consequences to respondents' finding that petitioner was not eligible to earn merit time.[1] Thus this court finds that petition is moot.[2]

---

[1] The court notes that petitioner argued at the state level that his claims should not have been rendered moot under the New York framework of the "capable of repetition, yet evading review" exception to mootness. Petitioner argued that because he remained subject to the New York parole system, the alleged violations were capable of repetition. As merit time is earned against the aggregate of petitioner's sentences, the question of merit time eligibility will not arise again during petitioner's present incarceration.

[2] Though this court does not reach them, there are numerous other reasons for dismissal. Petitioner alleges a violation of the separation of powers, however, he did not properly exhaust the claim at the state level because he did not explicitly raise the issue in the Appellate Division. As to the merits of petitioner's only exhausted claim, parole violators are not a protected class, and the distinction that the legislature made as to severity of crimes for the purpose of early release would survive the rational basis test. With respect to the due process claim, the Northern District of New York has found no due process right to merit time. *Lighthall v. Vadlamudi*, 2006 U.S. Dist. LEXIS 74734, *46 (N.D.N.Y., Feb. 6, 2006) (M.J. Treece), *adopted by* 2006 U.S. Dist. LEXIS 74737 (N.D.N.Y., Mar. 17, 2006) (C.J. Mordue).

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that the petition be **DENIED and DISMISSED**.

Pursuant to 28 U.S.C. § 636 (b)(1) and Local Rule 72.1(c), the parties have ten days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636 (b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: January 18, 2006

_____
Hon. Gustave J. DiBianco
U.S. Magistrate Judge