UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

BENJAMIN HUNTER,

                Petitioner,

  -against-                                   9:03-CV-0176
                                                          (LEK/GJD)

M. HOLLINS, *Superintendent*,

                Respondent.

---

### DECISION AND ORDER

    This matter comes before the Court following a Report-Recommendation filed on January 18, 2007, by the Honorable Gustave J. DiBianco, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and L.R. 72.3(c) of the Northern District of New York.  Report-Rec. (Dkt. No. 18).

    Within ten days, excluding weekends and holidays, after a party has been served with a copy of a Magistrate Judge's Report-Recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations," FED. R. CIV. P. 72(b), in compliance with L.R. 72.1.  No objections have been raised in the allotted time with respect to Judge DiBianco's Report-Recommendation.  Furthermore, after examining the record, the Court has determined that the Report-Recommendation is not subject to attack for plain error or manifest injustice.[1]

---

[1] The Court notes that even if this Order and Judge DiBianco's Report-Recommendation did not reach the merits of Petitioner's Petition, this matter would still be dismissed for Petitioner's failure to comply with Local Rule 10.1(b)(2).  Both attorneys and *pro se* litigants are required to immediately notify the Court and their adversaries of any change in their address or contact information.  See N.D.N.Y. L.R. 10.1(b)(2).  "Failure to notify the Court of a change of address in accordance with L.R. 10.1(b) may result in the dismissal of any pending action."  N.D.N.Y. L.R. 41.2(b).  "The demand that plaintiffs provide contact information is no esoteric rule of civil

Accordingly, it is hereby

**ORDERED**, that the Report-Recommendation (Dkt. No. 18) is **APPROVED** and **ADOPTED** in its **ENTIRETY**; and it is further

**ORDERED**, that Petitioner's Petition for a writ of habeas corpus (Dkt. No. 1) is **DENIED** and **DISMISSED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:    February 09, 2007
          Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge

---

procedure, but rather the obvious minimal requirement for pursuing a lawsuit." Dumpson v. Goord, No. 00-CV-6039 CJS, 2004 WL 1638183, at *3 (W.D.N.Y. Jul. 22, 2004).  In the matter at bar, mail sent to Petitioner at his last known address (Hudson Correctional Facility), containing a copy of Judge DiBianco's Report-Recommendation, was returned as undeliverable - with a notation that Petitioner had been paroled.  See Dkt. No. 19.  Since Petitioner has not updated his address with the Court, he is in violation of Local Rules 10.1(b)(2) and 41.2(b).